Good morning, Your Honors. Assistant City Attorney Amy Field on behalf of the Appellants and Defendants. I'd like to reserve five minutes for rebuttal, please. Yes, you will be responsible for keeping your own time. Okay. I'll try to remind you. Thank you. I appreciate it. I'd like to start with the 1983 claim. I think there's a fundamental problem with the judgment in this case, and that went through an entire trial without a plaintiff who had standing to be before this court on the 1983 claim. It went through the whole trial with awareness that that issue was before the court, right? Nobody was saying the issue wasn't there, the wrongful death claim. I'm sorry, I'm talking about the survivor claim, and I don't know... Okay, was there any doubt that the survivor claim was before the court, Your Honor? Everybody in the room thought the survivor claim was before the court. Nobody was saying, hey, we don't have a proper plaintiff here at that time. I think that's entirely fair, Your Honor. And is there any competing party now coming in saying, hey, wait a minute, that's my claim, you can't proceed with it. That's not happening, is it? No, it's not, Your Honor. Indeed, the party that might be best identified as the proper plaintiff is in the room. Might literally be in the room, I don't know, but certainly was participating on the plaintiff's side of the room. She wasn't participating, Your Honor. She was purposefully dismissed from the case at the pre-trial conference order, and she was purposely... And she was there as a guardian of litem? I'm sorry? She was there... She was there in another capacity on an entirely separate... So what's the practical problem here? The practical problem is that we don't have a party withstanding, with Article III standing. The practical problem is you lost the case. That's the practical problem. The practical problem, Your Honor, I beg to differ, is that there is no party that ever had a right to be before this court. In Byrd, the parties went through an entire trial, and the defendants didn't bring up the issue of the lack of a party withstanding to be before the court. The court brought it up sua sponte, and in that case, the remedy was a dismissal of the 1983 case. Are you talking about Article III standing? I'm sorry? Are you talking about Article III standing? I think it is an Article III standing. Or are you talking about prudential standing? Well, I know the parties have gone back and forth on this, and I think it is an Article III standing problem, Your Honor, because Article III standing requires that the party before the court have suffered an injury in fact. Indeed, the right was vested in the survivors, was it not, under California law? No, Your Honor, that's exactly the problem. No, that's not what you're saying. You're talking now about who can bring a lawsuit, but the right, the right to the benefits, the right, the cause of action had gone to the rights. Survivor action was owned by the successors in interest. We know that. California law says so. It simply says who can bring the lawsuit, and it can be the survivors, or if there's an administrator, then the administrator can bring it. But it doesn't change where the rights are. So tell me how Article III affects this vis-a-vis prudential standing. I think that Article III affects this because my understanding, and perhaps I'm wrong, but my understanding is that Article III requires that the party before the court have suffered an injury in fact. The parties before the court in this case, the three minor children, had not suffered an injury in fact. The decedent had suffered an injury in fact, and the law is quite clear that the decedent's injuries can't be vicariously asserted by someone else. There's a narrow exception to that rule, and that narrow exception is if the state law authorizes someone else to stand in the shoes of the decedent essentially, and she was dismissed from the lawsuit. I don't know how you can let a judgment stand when, I mean, right now technically the judgment is in favor of the estate, but we all know the estate's not a party to the proceedings, so what do we do? Maybe we make a judgment the estate a party to the proceeding. I'm sorry? Maybe we make the estate a party to the proceeding. But the estate has to be, can't be a party. It's not a... Why not? It's just the law, Your Honor. I mean, there has to be somebody there to represent the estate. So they get a personal representative who turns out to be the certain person who's been participating as a guardian oblitum, and suddenly the party is properly represented. Well, I'm sorry, Your Honor. Doesn't this strike you as a highly technical argument that you're offering up and not one that really comports with what happened in the courtroom? I think it's a technical argument, Your Honor, but I think it's also a very fundamental argument. Why? Who's injured by permitting the estate to appear at this point, other than the fact the city has to pay out a claim that it lost on? Well, I don't think... There's no competing claimant. You would have to substitute back in the person who has a right to stand in the shoes of the decedent, and that person is the personal representative who was personally dismissed. So I don't know how that works. Hold on when somebody's talking, would you? Judge Clifton's question is why could we not substitute the party, the proper party now? And you say that that party is dismissed below. If that was erroneous, what bars this court from substituting the proper party at this point? I don't know procedurally how that would happen, Your Honor. I mean, I don't know what rule of procedure allows that. I don't know what allows... What procedure bars it? You have a final judgment that is, in essence, void because there was never a standing. Can we give it nunk-pro-tunk standing by amending the judgment or by substituting the party? I know you don't know how we can. Can you tell me why we can't? I suppose this court could, but this is a court that's supposed to be governed by rules, and when a party makes a litigation decision, exercises a party in the lawsuit, and then discovers it, I don't think they get a do-over. Consequences of which you now argue, you appear to concede, that nobody in the courtroom understood that consequence because in the courtroom they continued to litigate that claim. I think the parties in the courtroom, both sides, believe that the children as the successors and interest had standing to pursue this claim. So why shouldn't we accept that and either deem the city and fix the problem the way that we would presumably have the power to fix unless there's a good reason not to? And I haven't heard a good reason not to. I think the good reason not to is perhaps timeliness. I mean, I think when you dismiss a party out of a lawsuit, there has to be a basis to substitute them back in and overcome the timeliness issues, and it can't be just, whoops, I made a mistake, I should get a do-over. I think you live by your litigation choices. If you omit an affirmative defense from a pre-trial conference order and at the end of the trial you think, oh my gosh, this would have been dispositive, you don't get to come back and substitute it back in even if all the evidence is there. It's binding. Things have to be binding on the parties. And in this case, the plaintiffs dismissed the key person that had standing before the court, and then on top of that, they submitted false declarations to the court saying that they had a right to stand in the shoes of the decedent when in fact they didn't. Are you aware of the fact that the California Code says that a cause of action that survives the death of the person entitled to commence an action proceeding passes to the decedent's successor in interest? That's where it passes to the decedent's successor in interest. The action can then be brought by the personal representative, if one, or by the successor's in interest. That's quite different from, there are two distinctions, there's a distinction there. To whom does it pass? It passes to the successor in interest. So I still want you to tell me why the successor in interest don't have Article III standing. I think if you, I don't have the code in front of me, and I don't want to stop and find it, but I'm certain that the Code says the person entitled to bring the You're not listening to me. I said indeed that's what the Code says, what you just said. But that's not my point. The point is, the first sentence of the section says that the rights pass to the successor in interest, period. The person who can bring the action under California law is indeed the personal representative, or the successor's in interest if there isn't one. So you're arguing about who should have brought this action, but you've got to tell me why Article III standing cares about that as opposed to who owns the right. I think I understand the distinction the Court's making, and I will confess I've found the cases in this area all over the place, and I couldn't find a clear statement of law other than to say that in Byrd and Moorland, I think they just kind of generically refer to this as a standing issue. It is, of course. It's a prudential standing issue. Okay, and I think the difference between, and I know I'm not precisely answering the Court's question. I mean, I'll go back to the party before the Court have suffered an injury in fact, and here, the parties before the Court had not suffered an injury in fact. That's the best I have to offer, Your Honor. But let's assume that this is a matter of prudential... I'm telling you, you're down to three and a half minutes. I know. Okay. Okay. Let me just, real quickly, I want to move on to the wrongful death cause of action, because as I set forth in my briefs, I think we have a serious problem with that, too. The judgment doesn't reflect the jury's verdict. It just doesn't, and that just seems so basic that a judgment should reflect the jury's verdict. The jury clearly found the decedent 42.5% at fault for his own injuries, and the Court clearly instructed the jury that the Court was going to calculate the actual reduction, and then the Court enters a judgment in the full number, calculating that reduction. I think that this case... Did defendants ask the District Court to make that reduction? No, we did not, Your Honor. Did you object in any way to his failure to do it? No. We're objecting here, Your Honor. And this applies only to the negligence count? Yes. Yes. All right. Do you want to save two and a half minutes? Yeah, I want to reserve my time at the end. Thank you. Okay. Good morning, Your Honors. Paul Hoffman for the Appellees. On the standing issue, first of all, we think there's injury, in fact, not only because of what Judge Fernandez said, but these minors lost their father. I mean, their father was killed. That is clearly injury. In fact, for Article III case or controversy purposes, it's fairly clear the standing that Ms. Field has been talking about is a prudential standing, and it's waivable, and it was waived in every conceivable way. The parties tried the survival action here. And I just want to point out that the verdicts, the caption in the verdicts, lists Jeanette Solis as the representative of the estate, and it was the defendants that insisted that the estate be listed and get damages separately as the estate of Mauricio Cornejo with the understanding that Jeanette Solis was the representative. The judgment reflects that as well. So there really isn't anything that the court has to do, I think, to amend anything because the defendants took care of that themselves by actually opposing the verdicts and judgments that the plaintiffs put forward and insisting that the estate get separate damages and that Ms. Solis be listed as the representative of the estate. So whatever the confusion was, it wound up being clarified at trial, and there's no doubt that the survival damages, that the survival claims were tried and that any objection to the who question as to who had the right to do it was waived. And all the parties that even had a conceivable right, Ms. Solis or the successors in interest, were before the court at all times. And Byrd, for the reasons we said in our brief, isn't really relevant. The waiver issue, I mean, on the 42.5% reduction, here again, the parties understood that there was a judgment for battery and for negligence. And for that reason, the defendants in the damages phase said, well, of course we can't differentiate between the damages, so there will be no reduction. And in fact, the defense counsel got up in the penalties, in the damages phase, and told the jury, you really should remember that you're not going to have a reduction. And there was a colloquy that we've cited in our papers where the judge and the defendants and the plaintiffs all understood that there was a judgment for battery. And as the defendants have conceded in their brief and conceded at trial, if there's a judgment for the intentional tort of battery, there's no reduction. And so it's just, I don't know where the argument comes from. I mean, it was resolved at the trial that judgment is clear that it's for battery. And they've conceded that legal point. Your Honor, Ms. Field didn't deal with the last question. You don't need to, I assume. Unless there are questions, Your Honor. No questions. Thank you. I'll just make a couple of quick points, given my time. I'm going to move back to the wrongful death of state law causes of action. I think that it was the plaintiff's burden to prove their case. And the battery, if you go back to the complaints, was part of the survivor action, not part of the wrongful death action. It would have been very easy to insert on the verdict form that if you find in the plaintiff's favor on the unreasonable use of force claim, then you don't need to go on and apportion damages because there's no apportionment on an intentional tort. Did anybody request that? I think it was the plaintiff's burden to. And I think their failure to do that supports the idea that the battery was always part of the survival claim, not part of the wrongful death claim. That's how it was pled in the complaint. That's what was reflected in the jury verdict. And, again, at the end of the day, we still have a jury instruction, which the jury is presumed to follow, that the court was going to reduce the damages, and the court didn't do that. On the survivor claim, I would just point out Mr. Hoffman says that the kids had Article III standing because they suffered an injuring fact because they lost their father. That would have been true, Your Honor, if they had pursued their loss of familial rights claim. They abandoned that claim as well. That's how Crumpton, in the Crumpton case, the kid had standing because he wasn't trying to sue on his father's excessive force claim. He was trying to sue for his own personal damages for his loss of familial association. We have something completely different here. They had the burden of proving standing, and they dismissed the plaintiff that had standing. That's critical to me. Plaintiff is listed. The caption for the special verdict form does list the plaintiff as personal representative as being Ms. Solis, as one of the plaintiffs. Yeah, look, I just happened to look. I hadn't noticed that before we heard from opposing counsel. But if you look at, let's see here. It's SER7, special verdict damages. This is the one where the numbers are all hand-filled in. The caption says, PC, by and through his guardian ad litem, Jeanette Solis, comma, estate of Marcio Cornejo, by and through its representative, Jeanette Solis, plaintiff. Isn't that who you're talking about? Yes, it is. I don't have it in front of me. When you go back, look at SER7, and you're going to see a caption that includes her name. Well, I mean, you know, these were all over the place. She clearly wasn't listed in the pretrial conference order. She's clearly not on the judgment. She's clearly omitted from that third complaint. Do you know whether it's true, as plaintiff's counsel suggested, that this caption was put to the court by defense counsel? I don't know. And if it was, I think that, you know, that's what people do. They pick up old pleadings and they add on to them. But, Your Honor, they clearly weren't proceeding with her as a personal representative because then they took the additional step and filed those declarations under the CCP, setting forth the children falsely under penalty of perjury as the successors in interest and falsely telling the court that there was no open probate. I'm... You're shocked. Shocked. You know, there's gambling going on in the back room, too, but... All right. Thank you very much. Thank you. The case is arguably submitted.
judges: Reinhardt, Fernandez, Clifton